IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PAMELA CURTIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 12-4028-JTM-KMH |
| ) | |
| **BOARD OF COUNTY COMMISSIONERS** ) | |
| **OF CLAY COUNTY, KANSAS and** ) | |
| **RICHARD JAMES, CLAY COUNTY** ) | |
| **ATTORNEY,** ) | |
| ) | |
| **Defendants,** ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for leave to amend her complaint. (Doc. 7). Defendants oppose that portion of the amended complaint adding the State of Kansas as a defendant but do not oppose the remaining amendments.[1] For the reasons set forth below, the motion to amend shall be GRANTED IN PART and DENIED IN PART.

**Background**

Highly summarized, plaintiff alleges that Richard James, the Clay County Attorney,

---

[1] Defendants do not oppose the other proposed modifications in the amended complaint at paragraphs 20.a, 20.b, and the addition of paragraph 30. <u>Defendants' Response, Doc. 18, p. 2</u>. The motion to amend those portions of the complaint shall be granted without further discussion.

signed and submitted an affidavit in support of a felony arrest warrant which falsely stated that plaintiff had misappropriated $5,000 and a pickup truck. Based on the affidavit, an arrest warrant was issued and plaintiff was arrested. Plaintiff asserts a federal claim under 42 U.S.C. 1983 for violation of her Fourth Amendment rights and state law claims for false imprisonment, negligence, and malicious prosecution.

## Motion To Amend

The standard for permitting a party to amend her pleading is well established. Without an opposing party's consent, a party may amend her pleading only by leave of the court. Fed. R. Civ. P. 15(a).[2] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996). "Untimeliness alone may be a sufficient basis for denial of leave to amend." Las Vegas Ice & Storage Co. v. Far West Bank, 893 F.2d

---

[2] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

1182, 1185 (10th Circuit, 1990). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." Id., (quoting State Distributors, Inc. v. Glenmore Distilleries Co., 738 F.2d 405 (10th Cir. 1984).

As noted above, the parties' only dispute is whether the State of Kansas should be added as a party. Defendants contend the amendment would be futile because the State is immune from suit in federal court under the 11th Amendment. Plaintiff counters that the State has waived its 11th Amendment immunity by passage of the Kansas Tort Claims Act, K.S.A. 75-6101 (KTCA). However, plaintiff's argument has been uniformly rejected by courts in this district. Although the KTCA waives sovereign immunity of the State for suit *in state court*, the KTCA does not waive ***11th Amendment immunity from suit in federal court***. See, e.g., Ndefru v. Kansas State University, 814 F. Supp. 54 (D. Kan. 1993); Billings v. Wichita State University, 557 F. Supp. 1348 (D. Kan. 1983). Because adding the State of Kansas would be futile, that part of the motion to amend shall be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc. 7)** is **DENIED** with respect to the request to add the State of Kansas as a party but **GRANTED** with respect to other modifications to the complaint. Plaintiff shall file and serve her amended complaint by **September 18, 2012.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 11th day of September 2012.

>S/ Karen M. Humphreys
>_____
>KAREN M. HUMPHREYS
>United States Magistrate Judge